MARY A. DURKIN, Administratrix, etc., Respondent, *v.* THOMAS R. SHARP, Receiver, etc., Appellant.

D., plaintiff's intestate, was an engineer in the service of defendant who was operating a railroad; while running a train D.'s engine was derailed, and he received injuries causing his death. In an action to recover damages, plaintiff's evidence tended to show that the track was defective at the place of derailment; the evidence upon this point was conflicting. Defendant proved without dispute that the flange of one of the wheels of the locomotive was broken at the time of the accident, and that the fracture was due to an undiscoverable flaw. The court refused a motion to dismiss the complaint, and left it to the jury to determine whether the derailment was caused by the defects in the track or the breaking of the wheel, charging them that if the death of D. was caused by the latter plaintiff could not recover. *Held* no error.

Defendant requested the court to charge that " if the jury believe the track had been inspected within a reasonable time prior to the accident by a competent inspector of the defendant, and had been by him adjudged to be in safe condition, the plaintiff cannot recover." The court refused so to charge. *Held* no error ; that to excuse defendant from liability, the track must have been carefully inspected by a competent inspector ; a careless performance of this duty would not excuse.

(Argued February 6, 1882; decided February 28, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 8, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged negligence causing the death of Michael Durkin, plaintiff's testator.

*Edward E. Sprague* for appellant. The plaintiff should have been nonsuited on the ground that there was no evidence showing that the derailment of the train was due to any negligence on the part of the defendant. (*Baulec* v. *N. Y. & Harlem R. R. Co.*, 59 N. Y. 356, 366 ; *McDermott* v. *N. Y. C. R. R. Co.*, 23 Week. Dig. p. 531 ; *Curran* v. *Chemical Co.*, 36 N. Y. 153 ; *Ring* v. *Cohoes*, 77 id. 83, 90.) The court erred in refusing to charge " that every presumption of law is in favor

of the defendant having discharged his whole duty to the servant." (Wood on Master and Servant, § 346.)   It also erred in refusing to charge "that if the jury believed that the track had been inspected within a reasonable time prior to the accident by a competent inspector of the defendant, and had been by him adjudged to be in safe condition, the plaintiff cannot recover." (*Priestly* v. *Fowler*, 3 M. & W. 1; *Warren* v. *Erie*, 39 N. Y. 468; *Faulkner* v. *Erie*, 49 Barb. 324, 328; *DeGraff* v. *N. Y. C. R. R. Co.*, 76 N. Y. 125; *Fuller* v. *Jewett*, 80 id. 46; *Central R. & B. Co.* v. *Kenney*, 58 Ga. 485; *Moss* v. *Pacific R. R. Co.*, 49 Mo. 167; Wood on Master and Servant, § 453, p. 902.)

*P. Mitchell* for respondent.   The employer has a duty toward those in his employ, and he is held more strictly to account for injuries resulting to them than in former times. (Shearman and Redfield on Negligence, § 8; *Hough* v. *T. & P. R. R. Co.*, 10 Week. Dig. 543; *Railroad Co.* v. *Fort*, 17 Wall. 553; *James* v. *Yeager*, 16 Int. Rev. Rec. 142; *Fuller* v. *Jewett*, 9 Week. Dig. 443; *Mehan* v. *The S. D. & N. Y. R. R. Co.*, 73 N. Y. 585.)

TRACY, J. The plaintiff's intestate was an engineer in the service of the defendant, who was engaged in the operation of the Long Island railroad and its leased lines, as receiver under the order and authority of the Supreme Court.

On the 12th day of September, 1878, while running a train for Rockaway, over the line of the Southern railroad, a leased line, he sustained fatal injuries by the derailment of the engine and train.   Plaintiff claimed upon the trial, and produced testimony tending to show that the defendant's track was defective at the place of the derailment.   The defendant controverted this testimony, and upon this point there was a conflict of evidence.   It must, therefore, be assumed in this court, the jury having found for the plaintiff, that the track was defective. But the defendant further proved, and the fact was not disputed, that the flange of the forward left-hand wheel of the en-

gine was broken at the time of the accident. At the time of the derailment the train was running eastward at considerable speed, round a curve curving to the right. Broken pieces of the flange were picked up on the track at a point west of the place where the train came to a standstill. Upon the trial the defendant contended that the flange of the wheel broke before the train left the track, and that the breaking of the wheel caused the derailment.

On the other hand plaintiff contended that the train left the track before the wheel was broken, and that the derailment of the train was in nowise attributable to the breaking of the wheel. The defendant also proved that the fracture of the flange was due to an undiscoverable flaw in the wheel, and the court charged the jury that if they believed that the deceased came to his death by reason of a defect in the wheel the plaintiff could not recover. But the court, refusing the defendant's motion to dismiss the complaint, left it to the jury to say whether the derailment was caused by the defects in the track, or by the breaking of the wheel. The defendant's contention in this court is that, there being two possible causes of the accident developed by the testimony, the burden was upon the plaintiff to establish, by some evidence, a (causal) connection between the defects in the track and the derailment of the train, and that there is no such evidence in this case. In this we think the learned counsel is mistaken. We have carefully looked into the evidence and are of the opinion that there was sufficient evidence to justify the court in submitting the question to the jury to determine whether the derailment was caused by the defects in the track or by the breaking of the wheel.

The defendant requested the court to charge "that if the jury believe the track had been inspected within a reasonable time prior to the accident, by a competent inspector of the defendant, and had been by him adjudged to be in safe condition, the plaintiff cannot recover." The court refused to charge as requested, to which there was an exception.

The inspection of the track was a duty of the master. Had

such duty been carelessly and negligently performed, even by a competent inspector, the master would still be liable. To excuse him from liability the track must have been carefully inspected by a competent inspector. The request, as framed, omits one of the elements essential to such an inspection as would have exonerated the defendant, and was properly refused for this reason.

The other requests were fully covered by the charge of the court.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.