Barnard, P. J.
The circumstances surrounding this accident are very peculiar. The locomotive, while hauling the train, kept on the main track at Bethpage station, but the train itself went off on a switch and pulled with it the locomotive so that it was overthrown. The deceased was the engineer and was killed. The accident was one which did not happen in the ordinary course of things, and under the duty which is put upon the defendant it was to furnish safe appliances and to keep the same in order, to avoid liability for damages to an employee in consequence of the neglect so todo Under the case of Durkin v. Sharp, (88 N. Y., 225), the case should have gone to the jury. The happening of the accident cast upon the defendant the burden of explaining the accident according to that case. It is the theqry of the defendant that some one had tampered with the switch. The plaintiff claimed that the switch was improperly made or was out of order. Seybolt v. N. Y. and Erie R. R., 95 N Y., 565.
Evidence offered by plaintiff tending to show that the switch as put in was bad in principle, was improperly rejected. Upon cross-examination the defendant was permitted to show that the same switch continued in use, and proof offered by plaintiff tending to show that the switch was not the same but had a new principle of blocking it, was improperly rejected. The judgment should be reversed and a new trial granted costs to abide event.
Pratt, J., concurs.