### GRAHAM v. CHAPMAN.

*(Supreme Court, General Term, Fifth Department. October 23, 1890.)*

1. MASTER AND SERVANT—DANGEROUS PREMISES—NOTICE OF DEFECTS.
   Knowledge by a locomotive fireman that the general condition of the track was rough does not charge him with notice that the ties were rotten, so that the nails would not hold the rails in their place.

2. RECEIVERS—LIABILITIES—INJURY TO SERVANT.
   The receiver of a railroad company, who is operating the road in the usual manner, cannot escape liability for injuries to his employes owing to the employment of an insufficient number of trackmen to keep the track in good repair, on the ground that the lack of sufficient trackmen was owing to the want of funds in his hands, as the road was not paying running expenses.

Appeal from circuit court, Allegany county.

Action by Ellen S. Graham as administratrix, etc., against George D. Chapman, receiver of the Lackawanna & Pittsburg Railroad Company. There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Frank S. Smith*, for appellant. *Hamilton Ward*, for respondent.

MACOMBER, J. This action was brought for the negligent killing of the plaintiff's intestate while in the employ of the defendant as locomotive fireman, by the derailment of the engine, on the 24th day of February, 1886. Evidence was given that the derailment was caused by the tipping over of the rail, the ties being rotten, so that the nails would not hold the rails in their place, whereby, by the spreading or tipping of the rails, the train was thrown down a steep embankment, whereby the plaintiff's intestate was crushed. The fact that such was the condition of the tracks where the injuries were inflicted is not controverted by the defendant. Liability, however, is disputed mainly upon the ground that the deceased knew of the condition of the tracks, and consequently took all the hazards of the employment. There is no evidence to show that the deceased knew of the rotten condition of the ties at the point where the locomotive was overturned, though he doubtless did know, in a general way, as any one riding upon that railway could not well avoid knowing, that the general condition of the tracks throughout the

line was rough. But this general knowledge did not bring home to the fireman this particular defect in the railway, so as to charge him with any negligence contributing to the injury by reason of his own foolhardiness. *Mehan* v. *Railroad Co.*, 73 N. Y. 585; *Hawley* v. *Railroad Co.*, 82 N. Y. 370; *Durkin* v. *Sharp*, 88 N. Y. 225; *Devlin* v. *Railway Co.*, 87 Mo. 545.

The learned counsel for the appellant says, in his brief, that "it is a fair inference from the testimony in the case, and in fact an irresistible conclusion, that the condition of the track was due to the employment of an insufficient number of trackmen to keep the track in good repair." And it is argued therefrom that the lack of sufficient trackmen was due to the want of funds in the defendant's hands, as the road did not pay running expenses, and that the defendant, consequently, is not liable. We know of no principle under which a receiver can thus absolve himself from liability. The defendant had been such receiver for upwards of two years, at the time of the accident, and he admits in his answer that, ever since his appointment, he, as such receiver, had operated and controlled this railroad in the usual manner of carrying on and operating railroads, and during that time had exercised the duties, powers, and rights of the company in its management, control, and operation. Under these circumstances he must be held liable for injuries to his employes, in the same manner and to the same extent as the corporation itself would be held, had it not gone into the hands of a receiver. It was his duty to cause the railway tracks to be inspected carefully by competent inspectors, and to know its condition before imperiling the lives of employes upon it. *Durkin* v. *Sharp, supra; Fuller* v. *Jewett*, 80 N. Y. 46. The judgment appealed from should be affirmed. All concur.