On Petition for Rehearing.
Howard, J.
In their petition for a rehearing, counsel for appellant, in effect, ask hs to weigh the evidence heard by the jury, and upon which they based their verdict. This is not our province. It is shown in the principal opinion that there was competent evidence sufficient to sustain the verdict of the jury. That is enough. The fact that some contradictory evidence was heard will not justify a reversal of the judgment. Counsel also insist that because there was an inspection of the fire-box three days “before the collapse, and because there was evidence tending to show that the inspector was competent for the work, it therefore follows that the appellant was not liable. This is not the law, even as admitted by counsel in their original brief. It is not only necessary that the *264 company should have provided a competent inspector, but it is even moré necessary that the inspection made should be a reasonably careful one. The inspector might be competent, in a sense, that is, he might have the necessary skill and experience to make a careful test of the boiler and fire-box, but if, through carelessness or inattention, he actually failed to make a reasonably careful inspection, the company would, thereby, have failed in the discharge of the duty resting upon it, no matter whether the inspector were competent or not. So, in the recent case of Egan v. Dry Dock, etc., Co. 42 N. Y. Sup. 188, the following was approved: “The inspection of the boiler was the duty of the defendant. Had such duty been carelessly or negligently performed, even by a competent inspector, the master would still be liable.”0 And in Durkin v. Sharp, 88 N. Y. 225, the,court said: “The inspection of the track -was a duty of the master. Had such duty been carelessly and negligently performed, even by a competent inspector, the master would still be liable.” The like rule was maintained in the Indiana Car Co. v. Parker, 100 Ind. 181, where the subject of inspection by the employer is very fully treated, and the authorities are cited and discussed, and the court concludes that, “The rule is supported by sound principle.”
The petition is overruled.