(50 App. Div 460.)

## CAMPBELL v. JUGHARDT (two cases).

(Supreme Court, Appellate Division, Second Department.　April 14, 1900.)

1. MASTER AND SERVANT—INJURY TO SERVANT—DEFECTIVE MACHINERY.

A servant employed in operating an ironing machine was injured by the iron jumping towards that part of the machine where the servant's hand was. The servant had never noticed it jump that way before. Her sister, who had operated the machine, testified that she had seen it do so, but no complaint thereof had been made to the master. There had been complaints made to the master that the machine did not work easy, and he knew some of the bearings were worn, but such defects were not shown to have any connection with the accident. *Held* not sufficient to show the master's liability, and that the dismissal of the complaint at the close of the evidence was proper.

2. RULE—RECORD PRINTED IN ITALICS.

Under Practice Rule 43, prescribing the style of type to be used in printing records for the appellate division, the printing of part of the evidence contained in the record in italics is ground for an order requiring substitution of a properly printed case.

Actions by Mary E. Campbell against William G. Jughardt, and by Florence A. Campbell, by her guardian ad litem, Mary E. Campbell, against William G. Jughardt, for injuries to Florence A. Campbell. The two causes were tried together by consent. Judgments for defendant, and motions for new trial on exceptions. Ordered heard in first instance by appellate division. Exceptions overruled. New trial denied.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Horace Graves, for plaintiff.
Perry D. Trafford, for defendant.

PER CURIAM. These actions grow out of personal injuries sustained by Florence A. Campbell, a young girl, who was hurt while in the employ of the defendant, working upon an ironing machine. The injuries appear to have been inflicted by the sudden jumping of the iron towards that part of the machine where the operator's hand was placed while she was lifting up a sleeve to be ironed. She had never observed the iron to jump in that way before. The machine worked with a treadle, which brought this iron down, and held it down as long as the operator's foot pressed on the treadle, but allowed the iron to go up when such pressure was removed. Florence A. Campbell, however, testified that her foot was not on the treadle when her hand was caught as described, and from this fact the inference is sought to be drawn that the ironing machine must have been defective, or out of order. This would not, in itself, be enough to charge the defendant with liability, unless we could go further, and find evidence showing that the employer knew or ought to have known of the defect. In that respect the case for the plaintiff fails. There is proof that complaint had been made to the defendant that the machine did not work easily, and there is evidence that the defendant's engineer knew that some of the bearings were worn. There was also testimony from Florence A. Campbell's sister that

the iron on the machine where Florence was hurt would not always come down straight on the roller, and that the witness "got lots of burns" from it, and spoke to Mr. Jughardt on the subject. None of these alleged defects or difficulties in working the machine, however, are shown to have had any possible connection with the accident. The injury was due to the jumping action of the iron, as already described, which action had never previously been noticed by Florence A. Campbell herself. Her sister, when recalled, testified that she had often seen it jump in the same way when she was working on the machine, but did not say that she had ever informed the defendant, or anybody else, of that circumstance. Upon the case as presented, the complaint in each action was properly dismissed. The exception in behalf of the plaintiffs must, therefore, be overruled, and their motion for a new trial denied.

It is to be observed that the record contains no order such as is required by section 1000 of the Code of Civil Procedure, but we have disregarded the omission. We cannot, however, overlook the objectionable practice of the plaintiffs in printing a large portion of the testimony in the record in italics, so as to emphasize those passages most favorable to their side of the case. Fuchs v. Manufacturing Co. (Sup.) 12 N. Y. Supp. 870. Hereafter this violation of rule 43 will compel the court to require the substitution of a properly printed case before hearing the argument.

Exceptions overruled, and motion for new trial denied in each case, but without costs, inasmuch as the infant plaintiff was permitted to sue as a poor person, and her mother's action was tried at the same time as hers.