(36 Misc. Rep. 337.)

BUCKLEY v. PALMER et al.

· (Supreme Court, Trial Term, Kings County. November, 1901.)

INJURY TO SERVANT—DEFECTIVE MACHINERY.

Where several competent witnesses familiar with the machine for stamping covers for tin pails testified that just before the accident it was in perfect condition, and that the die would not come down unless · the foot of the operator was on the treadle controlling the 'die, a verdict in favor of the operator on her uncorroborated testimony that the die did come down when her foot was not on the treadle, and cut off three of her fingers, cannot stand, as it must be assumed that the accident occurred from the plaintiff's failure to obey the instructions which had been given her by the foreman.

Action by Kate Buckley against Frank H. Palmer and others. Verdict for plaintiff. Motion to set aside verdict and for a new trial. Granted.

Edward Riegelmann (John J. O'Connell, of counsel), for plaintiff. Nadal, Smyth & Carrere, for defendants.

CHESTER, J. The plaintiff, while employed by the defendants in operating a press for stamping covers for tin pails, had three of the fingers on her right hand caught between the dies, resulting in the loss of the ends of these three fingers. To recover damages for those injuries she has brought this action, and has secured a verdict in her favor. She alleges in her complaint that she was inexperienced, and did not receive proper instructions as to the use of the machine, and that it was defective. The press was operated by power communicated to it through a belt and pulley, and by the use of a treadle operated by pressure of the foot of the operator. The plaintiff testified, in substance, that the defendants' foreman instructed her to put the tin between the dies, and to press her foot on the lever or treadle for the die to come down. She also said that the die came down on her fingers when she did not have her foot upon the treadle. There was no proof, on her part, as to any defects in the machine which caused the accident. The defendants' foreman did not disagree with the statement of the plaintiff as to the instructions he gave her. No one but the plaintiff saw the accident. The foreman, as well as a press hand of five years' experience in operating presses like this, and who used this press before and just after the accident, a die setter, and a machinist, all of whom had operated this machine, all swore that it was in perfect condition both before and after the accident. They were all familiar with this machine, and testified that it was not possible for the die to come down without pressure being applied to the treadle. The plaintiff's counsel invokes the doctrine of res ipsa loquitur in support of the verdict, and, while admitting that the die would not ordinarily descend without the foot being on the treadle, urges that, because the plaintiff testified that it did so descend and injure her, the jury had the right to infer that the machine was out of order, and the defendant negligent from that fact alone. That this of itself would not be sufficient to charge the defendant with liability

has recently been held in a somewhat similar case. Campbell v. Jughardt, 50 App. Div. 460, 64 N. Y. Supp. 198. But the greatest weight of testimony is that the machine was so constructed that the die could not have come down in the way the plaintiff claimed. This being so, she must have had her foot on the treadle when she was injured, notwithstanding her statement to the contrary, for by that means alone could the die be made to descend. If she was injured in that way, her injuries resulted from her failure to obey the instructions she received, and not from any failure to instruct, and the defendants are not liable.

The plaintiff also showed, by the cross-examination of some of defendants' witnesses, that when two pieces of tin, instead of one, got in the die, the belt would slip off the pulley, and that sometimes a die would become disengaged from the punch, and fall out. It is argued from this that the machine was defective. It is a sufficient answer to this to say that the proof is that neither of these conditions, even if they were defects, had anything to do with the accident.

The motion to set aside the verdict and for a new trial is granted. Motion granted.