[L. A. No. 1938. In Bank.—August 10, 1908.]

C. SCHEERER & COMPANY, INC. (a Corporation), et al., Appellants, v. HENRY C. DEMING et al., Respondents.

W. D. NEWELL, Appellant, v. H. C. DEMING et al., Respondents.

HOFFMAN-MARKS COMPANY, Appellant, v. H. C. DEMING et al., Respondents.

NOFZIGER BROTHERS' LUMBER COMPANY (a Corporation), Appellant, v. ALLEN D. BUTT et al., Respondents.

UNION LIME COMPANY (a Corporation), Appellant, v. ALLEN D. BUTT et al., Respondents.

I. H. HILL, Appellant, v. HENRY C. DEMING et al., Respondents.

BUILDING CONTRACT—ABANDONMENT BY CONTRACTOR—PAYMENTS EQUAL TO VALUE OF WORK—RIGHTS OF LIEN CLAIMANTS—CONSTITUTIONAL LAW.—Where a valid contract in writing for the erection of a building has been executed and filed, and the work thereunder has been abandoned by the contractor before completion, the amount of the

contract price applicable to the liens of other persons than the contractor is to be determined in accordance with section 1200 of the Code of Civil Procedure. Under that section, if the payments made by the owner pursuant to the contract amounted, at the time of abandonment, to the same sum as the value of the work and materials then done and furnished, estimated by the standard of the whole contract price, no part of the contract price is applicable to the payment of liens. Such construction is not in violation of the provision of the state constitution recognizing the right of mechanics and others to liens.

ID.—CONSTITUTIONALITY OF SECTION 1200 OF CODE OF CIVIL PROCEDURE. —In an action to enforce liens for work done and materials furnished prior to such abandonment, in which the owner claims a limitation of his liability in accordance with section 1200 of the Code of Civil Procedure, the question whether that section is an invasion of the constitutional rights of the owner, suggested in briefs filed by *amici curiæ*, will not be considered.

ID.—CONSTITUTIONAL GUARANTEES CANNOT BE INVOKED BY PERSONS NOT AFFECTED.—Constitutional guarantees for the protection of person or property can be invoked only by parties whose rights are injuriously affected by the alleged disregard of such guarantees.

ID.—HARMLESS EXCLUSION OF EVIDENCE.—The exclusion of an answer to a question the subject-matter of which had already been fully answered by the witness, or which was deducible by simple arithmetical computation from other answers given by him, is harmless.

ID.—CUSTOM OF BUILDERS CANNOT SUPERSEDE CONTRACT. — A custom among builders to do work in a particular way cannot prevail as against a contrary provision of the contract; and the exclusion of evidence of such a custom will not be deemed material, when the record on appeal fails to contain any copy of either the contract or specifications in accordance with which the work purported to be done.

ID.—EVIDENCE OF VALUE OF WORK—REBUTTAL.—In an action by lien claimants to enforce liens for work done and materials furnished prior to the abandonment of the contractor, it is part of the plaintiffs' case in chief to show the value of the work done and materials furnished up to the time of the abandonment, and it is not error to refuse to permit them to introduce evidence of such value in rebuttal.

ID.—COST OF COMPLETION — FINDING NOT NECESSARY. — In such an action, it is not necessary for the trial court to find the reasonable cost of completing the building, although such cost may properly be considered, as a matter of evidence, in determining the ultimate fact of the value of the work done and materials furnished by the contractor, measured by the rule of section 1200 of the Code of Civil Procedure.

APPEALS from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Charles L. Batcheller, Jones & Weller, W. D. McConnell, Scarborough & Bowen, E. E. Mellette, and P. B. Lhoyd, for Appellants.

R. L. Horton, for Respondent Allen D. Butt.

Olney, Pringle & Mannon, and Frohman & Jacobs, *Amici Curiæ.*

SLOSS, J.—Appeals by plaintiffs in six actions to foreclose mechanics' liens. The actions were consolidated by order of the court and judgment went in favor of the defendant Allen D. Butt, the owner of the property involved. The lien claimants appeal from the judgment and from an order denying a new trial.

On April 14, 1904, the defendant Henry C. Deming, as contractor, entered into a written contract with the defendant Butt, as owner, for the construction of a three-story and basement brick building, in accordance with certain plans and specifications. The contract price was $24,000, payable as follows: $2000 when the foundation and basement walls should be up and the first-floor joists laid; $2900 when the first-story walls should be up, the iron work up and the second-floor joists laid; $2900 when the second-story walls should be up and the third-floor joists laid; $2900 when the third-story walls should be up and the roof on; $2900 when the plastering was completed; $2900 when said building was completed, and $7500 thirty-six days after the notice of completion should be filed. The contract was duly filed in the office of the county recorder before any work, labor, or materials were done or furnished upon said building. Deming commenced work under the contract, and continued in the construction of the building up to the twenty-third day of September, 1904, when he abandoned the contract and ceased work thereunder. At that time there had been paid to him the sum of $10,700, the first four payments mentioned in the contract. The owner took posses-

sion of the building upon its abandonment by the contractor, and completed it according to the plans and specifications, at a cost greater than the balance in his hands under the contract. The plaintiffs had respectively furnished to Deming labor and materials to be used, and which were used, in the building to the amounts claimed in their complaints and there remained due to them sums aggregating between five and six thousand dollars. They had duly filed their claims of lien.

The foregoing facts were found by the court on the stipulation of the parties or on uncontradicted testimony. The only material issues concerning which there was any dispute at the trial were those relating to the value of the work done by the contractor up to the time of abandonment. In this regard the court found "that the value of the work and materials already done and furnished by the said Henry C. Deming under said contract, at the time of said abandonment, including the materials then actually delivered or on the ground, estimated as near as may be by the standard of the whole contract price, was and is, the said sum of ten thousand seven hundred dollars ($10,700.00)." Since this sum did not exceed the amount which had been paid to the contractor, pursuant to the terms of the contract, before the abandonment of the work, the necessary conclusion was the one drawn by the court,—namely, that nothing was due from the owner to the contractor or to any of the claimants who had furnished labor and materials to the contractor. This is the result of the provisions of section 1200 of the Code of Civil Procedure, which, as we have held in an opinion filed within a day or two, defines the exclusive method of determining the liability of the owner in cases where the contractor abandons work under a valid contract. (*Hoffman-Marks Co.* v. *Spires, ante,* p. 111, [97 Pac. 152].) The discussion of the question in that case fully states the reasons for the construction we have placed upon section 1200 and other code sections, and, in our opinion, sufficiently answers the contention of appellants that this construction, in so far as it limits their right of recovery, is in violation of the provision of the state constitution recognizing the right of mechanics and others to liens. In this connection we may remark that, since the submission of this cause there has been filed by certain counsel, as "friends of the court," a brief suggesting that the rule of section 1200 is an invasion of the constitutional rights

of the *owner*. The brief is answered by the owner (respondent) who insists upon the validity of the section and claims its protection. On the plainest principles, the point made cannot be considered. Constitutional guarantees for the protection of person or property can be invoked only by parties whose rights are injuriously affected by the alleged disregard of such guarantees. (8 Cyc. 787; 7 Cooley on Constitutional Limitations, 232; 10 Cent. Dig. Col., 1284 et seq.; see *Davidson* v. *Von Detten,* 139 Cal. 467, [73 Pac. 189].) It would be an extraordinary thing to hold a statute void because it is asserted by strangers to impair the constitutional rights of the very party who claims under it.

While the appellants offered testimony tending to show that the value of the work done by Deming (estimated according to the rule of Code of Civil Procedure, section 1200) exceeded the payments made under the contract, it is conceded by them that the finding that such value was $10,700 is supported by sufficient evidence to protect it from attack in this court. The main ground urged for reversal is that the court erred in a number of rulings admitting or excluding evidence. Forty-five assignments of error of this nature are presented by appellants in their briefs. Those which appear to us to have any importance will be discussed briefly.

1. There was evidence to the effect that the work, up to the time of abandonment, had not been done in accordance with the plans and specifications. The brick walls were thinner, and some of the studding was of smaller sizes than specified. The contractor, Deming, was called by plaintiffs as a witness and was asked: "State whether or not these changes were made of your own volition, or whether Mr. Butt or Mr. Haley (the architect) had anything to do with them?" An objection to the question "as calling for the conclusion of the witness" was sustained. If this ruling was error it was harmless. The witness had testified to the changes that were made. He had stated that he had been instructed by Mr. Butt and Mr. Haley to make the changes in the thickness of the brick walls. He answered, without objection, the question "How did the other changes you speak of happen to be made?" and, in answering it, referred in detail to a large number of changes made, as he said, at the direction of Mr. Butt. He further stated that he could not remember whether there were any

other changes. It appears, therefore, that the subject of the excluded question was fully covered by testimony which the witness was allowed to give. The same reasoning applies to nine assignments of error in addition to the one under discussion. In each instance the question objected to called for statements from the witness as to whether or not the changes had been made by him with the knowledge, or under the direction of Butt.

2. After the introduction of testimony showing that, in sheathing a light-court, the contractor had used lumber which had previously been used for concrete work, a witness was asked whether "it is usual in building to use lumber that was first used for curbing and concrete work." Respondent's objection to the question was sustained. It cannot be said that this ruling was erroneous. A custom to do work in a particular way, if relevant under any circumstances, could certainly not prevail as against a contrary provision of the contract. The record does not contain any copy of either contract or specifications, and in their absence the appellants, upon whom is the burden to show error, have not presented us with the data upon which to determine the materiality of the question.

3. It is urged that the plaintiffs' witness Smith should have been permitted to give his estimate of the reasonable cost of completing the building according to the plans and specifications. He had, however, testified that to complete the building would cost one half of the cost of the portion already done, and had given a figure at which, in his opinion the entire building could, at the time of abandonment, have been completed according to the plans and specifications. From these elements the answer to the main question was deducible by simple arithmetical computation.

4. There was no error in permitting the witness McNally to testify that in his opinion one fourth of the work had been done at the time of the abandonment. He had duly qualified as an expert, and had stated that he was familiar with the building as well as the plans and specifications. The fact that he based his estimate, at least in part, upon his view that "when the brick wall is done and the roof on, we consider it is about one quarter done," might affect the value of his opinion, but could not render it incompetent. The objection that no founda-

tion was laid for the testimony of witness Childs is not maintainable in view of the facts that his qualifications as an expert were admitted, and that he testified that he had made an examination of the building within a few days after the abandonment, and had examined the plans and specifications. Without reviewing the testimony, it may be said that the qualifications of witnesses Harrington and Haley were sufficiently shown.

5. After defendant Butt had closed his case, the appellants offered testimony regarding the amount and value of the work done up to the time of abandonment. This was properly excluded on the ground that it was not rebuttal. Evidence on this point had been introduced, and, under the pleadings, properly introduced, by plaintiffs as a part of their case in chief. They were not entitled to offer further testimony on the same line in rebuttal.

It is urged that the court erred in failing to find the reasonable cost of completing the building. The issue was not material. The ultimate and important fact is the value of the work done by the contractor, measured by the rule of section 1200. In determining what that value is, it is proper, as a matter of evidence, to consider the reasonable cost of completion. (*Hoffman-Marks Co.* v. *Spires, ante,* p. 111, [97 Pac. 152].) But, under the statute the rights of the parties are fixed by the value of the work done at the time of abandonment, and the amount expended in completing the building, whether more or less than the balance of the contract price remaining in the owner's hands, would not affect those rights.

The judgment and order are affirmed.

Angellotti, J., Shaw, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.