[No. A056815, First Dist., Div. Five. Oct. 19, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
TITO DAWKINS, Defendant and Respondent.

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Appellant.

Charles H. James, Public Defender, and Jeffrey C. Bradley, Assistant Public Defender, for Defendant and Respondent.

## OPINION

**KING, Acting P. J.**—Under Penal Code section 872, subdivision (b),[1] added by Proposition 115 (Cal. Const., art. I, § 30, subd. (b)), probable cause at a preliminary examination may be based in whole or in part on hearsay testimony by law enforcement officers with less than five years of law enforcement experience who have completed a training course on investigating and reporting of cases and testifying at preliminary hearings which has been certified by the Commission on Peace Officer Standards and Training (hereafter, POST). In this case we hold the officer may testify to completing a course on these subjects, and certification of the course by POST may be established by the use of judicial notice of POST's administrative regulations.

I

### FACTS

On February 17, 1992, Tito Dawkins was charged by information with two counts of first degree burglary. (§§ 459, 460, subd. (a).) At Dawkins's preliminary hearing, Officer Charles Nason of the El Cerrito Police Department testified to hearsay statements which were made to him by two citizen witnesses. This hearsay testimony was admitted pursuant to section 872, subdivision (b), which was enacted as part of Proposition 115, the "Crime Victims Justice Reform Act." It provides, in pertinent part: "Notwithstanding Section 1200 of the Evidence Code, the finding of probable cause may be

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

based in whole or in part upon the sworn testimony of a law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted. Any law enforcement officer testifying as to hearsay statements shall either have five years of law enforcement experience or have completed a training course certified by the Commission on Peace Officer Standards and Training which includes training in the investigation and reporting of cases and testifying at preliminary hearings." Since Officer Nason had only one and one-half years of law enforcement experience, he was not qualified to testify to hearsay statements without demonstrating he had completed the required POST-certified training course.

Over a defense hearsay objection, the magistrate admitted Officer Nason's testimony that he had completed a POST-certified class. The objection was articulated as follows: "It is a hearsay statement basically for this witness to say that the course that he took is certified by somebody . . . . He is basically reporting an out of court statement for its truth and that is hearsay." Upon further examination, Officer Nason testified that (1) the class was on videotape and at the beginning of the video it was explained that the purpose of the course was to certify law enforcement officers who have less than five years' experience who wish to testify to hearsay evidence at preliminary hearings as allowed by Proposition 115; and (2) that he saw his name on a list with other officers who took the class establishing that he had completed the POST-certified training course. The magistrate overruled the defense objection, noting there was a sufficient indicia of reliability to admit the officer's testimony that he had completed the POST-certified course.

Dawkins filed a motion to set aside the information in superior court (§ 995) claiming Officer Nason was allowed to offer hearsay testimony of out-of-court witnesses when there was no admissible, competent evidence presented that Officer Nason has completed a POST-certified training course as required by section 872, subdivision (b), as a precondition to presenting hearsay testimony. Dawkins maintained that "[t]he testimony of the officer concerning what he was told by some unnamed individual while attending a course that the course was certified involves multiple hearsay with no statutory exception to the hearsay rule." After the matter was argued, the superior court noted the issue presented an "[i]nteresting question, not free from doubt." The court granted Dawkins's motion "on the ground that the foundational requirements for POST certification cannot be accomplished by hearsay." The hearsay declarations testified to by Officer Nason were essential to a finding that probable cause existed to believe defendant was the burglar in count two, and that count was dismissed. The People noticed this appeal.

## II

### Discussion

■ The issue to be determined is whether the superior court abused its discretion in concluding Officer Nason was not qualified to testify at the preliminary hearing because the rule prohibiting hearsay testimony would be violated by allowing him to testify the course he completed was POST-certified. (*Montez* v. *Superior Court* (1992) 4 Cal.App.4th 577, 583-584 [5 Cal.Rptr.2d 723].) In the court below, the People argued that a law enforcement officer should be allowed to testify that he or she has received the training specified in section 872, subdivision (b), because, as a general rule, special qualifications possessed by a witness can be established by the witness' own testimony. As set forth in Evidence Code section 720, subdivision (b), with respect to qualifying expert witnesses, a "witness' special knowledge, skill, experience, training, or education may be shown by any otherwise admissible evidence, *including his own testimony*." (Italics added.)

■ "[T]he purpose of permitting a party producing an expert to question him as to his educational background, training, and experience in his area of expertise is not only to establish 'the competency of the witness to the satisfaction of the court, but also for the purpose of making plain the strength of the witness's [*sic*] grounds of knowledge and the reason for trusting his belief.' " (*Grimshaw* v. *Ford Motor Co.* (1981) 119 Cal.App.3d 757, 786 [174 Cal.Rptr. 348], quoting *Salmon* v. *Rathjens* (1907) 152 Cal. 290, 299 [92 P. 733].) Such examination "should not be limited by narrow and stringent rules." (*Eble* v. *Peluso* (1947) 80 Cal.App.2d 154, 157 [181 P.2d 680].)

■ Dawkins argues that Officer Nason was not an expert witness so the above prescribed rules have no applicability. The issue is not so clear-cut. An expert can be viewed in the strictest sense as one possessing special expertise in a scientific or technical field such as medicine or aerodynamics who can be expected to give the trier of fact a dissertation on scientific or other principles relevant to the case. On the other hand, any "skilled witness" can be viewed as an expert by virtue of that witness' "special knowledge, skill, experience, training, or education." (Evid. Code, § 720, subd. (b).) One noted treatise provides a useful explanation: "If by 'expert' we mean one possessing experiential qualifications [the skill to acquire accurate conceptions], then all witnesses must be 'experts,' but it is common and not unnatural to confine the term 'experts' to witnesses whose fitness, by reason of the subject matter, needs to be first shown." (2 Wigmore, Evidence (Chadbourn rev. ed. 1979) § 555, p. 750.) The treatise goes on to explain "The *experiential qualifications* of a witness are usually established by his

own testimony reciting the facts of his career and special experience." (*Id.* § 562 at p. 759, italics in original, fn. omitted.)

Officer Nason, while not an expert witness in the strictest sense, was undoubtedly a witness "whose fitness, by reason of the subject matter, need[ed] to be first shown." (2 Wigmore, *op. cit. supra*, § 555, p. 750.) The POST-certified training requirement established by section 872, subdivision (b), was designed to train officers in the need for accuracy and thoroughness of investigations; to facilitate the reporting and documenting of crimes to facilitate hearsay testimony at preliminary hearings; and to enhance the reliability of hearsay testimony presented at preliminary hearings. (See *Whitman* v. *Superior Court* (1991) 54 Cal.3d 1063, 1073 [2 Cal.Rptr.2d 160, 820 P.2d 262]; Cal. Code Regs., tit. 11, § 1081, subd. (a)(19).) In this respect, Officer Nason as well as the roughly 20,000 other officers who have taken the POST-certified training course in California, possess "special knowledge . . . training, or education" on a subject (giving hearsay testimony at preliminary hearings) that is beyond common experience. (See Evid. Code, § 720.) This definition would permit officers who have taken the training course certified by POST to establish their special qualification to give hearsay testimony at preliminary hearings by their own testimony. (Evid. Code, § 720, subd. (b).)

A holding that the completion of the required POST-certified training may be established by the witness's own testimony acknowledges one of the principal objectives of Proposition 115—"to increase the efficient administration of the criminal justice system, and, in particular, to streamline the preliminary hearing procedure [citations] . . . ." (*Whitman* v. *Superior Court, supra,* 54 Cal.3d at p. 1075.) If we were to endorse the cumbersome and awkward process of requiring some type of written verification that the testifying officer had completed the POST-certified training it would necessitate an additional witness or witnesses to authenticate the document as a business or official record, describe the manner and mode of its preparation, and establish the trustworthiness of the source of information. (See, e.g., *Fowler* v. *Ross* (1983) 142 Cal.App.3d 472, 480 [191 Cal.Rptr. 183].) This requirement would defeat rather than promote the objective of this new law.

Dawkins argues that the failure of proof herein lies in the inability of the testifying officer to establish without the use of hearsay that the course he or she concededly attended was a class certified by POST. However, judicial notice may establish that the course taken by Officer Nason has been duly designated as a POST-certified course. POST bulletin number 90-21, the Notice of Proposed Regulatory Action, the Final Statement of Reasons, the Commission Agenda Item Report, and the Commission Minutes of July

19, 1990, as well as California Code of Regulations, title 11, sections 1000-1081, establish this fact. These materials are subject to judicial notice (Evid. Code, §§ 459, 452, subds. (b) & (c)) which "permits the court to consider *as established* in a case a matter of *law* or *fact* . . . without the necessity of formal proof of the matter by any party." (2 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) Judicial Notice, § 47.1, p. 1748, italics in original.) These materials fill the evidentiary void pointed out by Dawkins.

In summary, an officer's representation that he or she has successfully completed the POST-certified training course ought to suffice for determination of probable cause based upon hearsay testimony at a preliminary hearing. In any event, there is no question that the officer can testify he or she attended the course. Judicial notice of POST regulations can then establish that the course is POST-certified.

The order setting aside count two is reversed.

Haning, J., and Walker, J.,* concurred.

A petition for a rehearing was denied November 10, 1992, and respondent's petition for review by the Supreme Court was denied January 21, 1993. Mosk, J., was of the opinion that the petition should be granted.

---

*Judge of the Napa Superior Court sitting under assignment by the Chairperson of the Judicial Council.