[S. F. No. 8315. In Bank.—March 19, 1918.]

A. F. ESTABROOK COMPANY (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[S. F. No. 8316. In Bank.—March 19, 1918.]

KLAMATH STEAMSHIP COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT — CONSTITUTIONAL LAW — INJURY TO EMPLOYEES OUTSIDE THE STATE — JURISDICTION OF COMMISSION — RIGHT OF EMPLOYER TO ATTACK.—An employer cannot make the contention that section 75a of the Workmen's Compensation Act (which was added by Stats. 1915, p. 1101), providing that the Industrial Accident Commission shall have jurisdiction of controversies arising out of injuries suffered without the limits of the state, where the injured employee is a resident of the state and the contract was made within the state, is in conflict with section 2 of article IV of the United States constitution, declaring that "the citizens of each state shall be entitled to all the privileges and immunities of citizens of the several states," or is a violation of section 1 of the fourteenth amendment to the constitution, prohibiting any state from denying "to any person within its jurisdiction the equal protection of the laws."

Id.—Constitutionality of Statutes—Equal Privileges and Immunities — Unlawful Discriminations — Who may Attack.—Courts will not consider the constitutionality of a statute attacked by one whose rights are not affected, or the contention that a statute denies equal rights and privileges, when raised by one not belonging to the class alleged to be discriminated against.

Supreme Court—Petition for Rehearing—Points not Considered.—It is the settled rule of the supreme court that points not suggested in the argument when a case was submitted for decision will not be considered when made for the first time on petition for rehearing.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Ira A. Campbell, McCutchen, Olney & Willard, and John F. Cassell, for Petitioners.

Christopher M. Bradley, and Warren H. Pillsbury, for Respondents.

SLOSS, J.—In *North Alaska Salmon Co.* v. *Pillsbury,* 174 Cal. 1, [162 Pac. 93], we held that the Workmen's Compensation, Insurance and Safety Act, as originally enacted, did not authorize an award of compensation where injury to the employee had occurred beyond the boundaries of this state. The question decided was simply one of interpretation. It was assumed that the legislature had power to require employers to compensate "injured employees whose employment was created in this state, regardless of the place where the injury may have been sustained." The language of the statute, as read by the court, indicated, however, that the legislature had not intended to make the compensation scheme applicable to cases of injury arising outside the state.

In 1915 the scope of the act was extended by the addition of a new section (75a), reading as follows:

"The commission shall have jurisdiction over all controversies arising out of injuries suffered without the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of the injury and the contract of hire was made in this state and any such employee or his dependents shall be entitled to the compensation or death benefits provided by this act."    (Stats. 1915, p. 1101.)

We have before us, in each of the above-entitled proceedings, a writ of *certiorari* issued on behalf of the employer to test the validity of an award made pursuant to the terms of this section. The two proceedings are presented on a single set of briefs.

The petitioners do not question the existence of the general legislative power which, in our opinion in the North Alaska Salmon Company case, we assumed to exist. The sole ground of attack is that section 75a involves an unjustifiable discrimination against employees who are not residents of this state, and thus violates the provision of the constitution of the United States declaring that "the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states" (art. IV, sec. 2), and that prohibiting any state from denying "to any person within its jurisdiction the equal protection of the laws." (Amdt. XIV, sec. 1.) Under settled principles of constitutional law, the petitioners are not in a position to raise this question. Generally speaking, the courts will not consider the constitutionality of a statute attacked by one whose rights are not affected by the operation of the statute. (12 C. J. 760; *Scheerer & Co.* v. *Deming,* 154 Cal. 138, 142, [97 Pac. 155].) More specifically, a contention that a statute denies equal rights and privileges by discriminating between persons and classes of persons "may not be raised by one not belonging to the class alleged to be discriminated against." (12 C. J. 768; 10 Cent. Dig., col. 1284 et seq.; *Estate of Johnson,* 139 Cal. 532, 534, [96 Am. St. Rep. 161, 73 Pac. 424].) Thus, the validity of a statute excluding colored persons from serving on juries cannot be questioned by whites. (*Commonwealth* v. *Wright,* 79 Ky. 22, [42 Am. Rep. 203].) Nor may a male question the validity of a statute as discriminating against women. (*McKinney* v. *State,* 3 Wyo. 719, [16 L. R. A. 710, 30 Pac. 293].) On like grounds, it has been held that a resident or citizen is not entitled to assail an act on the ground that it discriminates against those who are not residents or citizens. (*Bozeman* v. *State,* 7 Ala. App. 151, [61 South. 604]; *Schmidt* v. *Indianapolis,* 168 Ind. 631, [120 Am. St. Rep. 386, 14 L. R. A. (N. S.) 787, 80 N. E. 632]; *Gallup* v. *Schmidt,* 154 Ind. 196, [56 N. E. 443]; *State* v. *Kirby,* 34 S. D. 281, [148 N. W. 533].) Very directly in point is the

decision of the supreme court of the United States in *Jeffrey Mfg. Co.* v. *Blagg*, 235 U. S. 571, [59 L. Ed. 364, 35 Sup.,Ct. Rep. 167, 7 N. C. C. A. 570]. The validity of the workmen's compensation law of Ohio was there questioned. That law deprived a certain class of employers of five or more men of various defenses available to employers of less than five. The plaintiff in error, who was an employer of more than five, and within the class designated, assailed the legislation on the ground, among others, that the act discriminated unjustly against workmen in shops employing less than five men. The court held that this ground of attack was not available to the employer, saying (235 U. S. 576, [59 L. Ed. 364, 35 Sup. Ct. Rep. 167, 7 N. C. C. A. 570]) : "Much of the argument is based upon the supposed wrongs to the employee, and the alleged injustice and arbitrary character of the legislation here involved as it concerns him alone, contrasting an employee in a shop with five employees with those having less. No employee is complaining of this act in this case. The arguments based upon such discrimination, so far as it affects employees by themselves considered, cannot be decisive; for it is the well-settled rule of this court that it only hears objections to the constitutionality of laws from those who are themselves affected by its alleged unconstitutionality in the feature complained of. (*Southern Ry. Co.* v. *King,* 217 U. S. 524, 534, [54 L. Ed. 868, 30 Sup. Ct. Rep. 594] ; *Engel* v. *O'Malley,* 219 U. S. 128, 135, [55 L. Ed. 128, 31 Sup. Ct. Rep. 190] ; *Standard Stock Food Co.* v. *Wright,* 225 U. S. 540, 550, [56 L. Ed. 1197, 32 Sup. Ct. Rep. 784] ; *Yazoo & M. Valley R. R. Co.* v. *Jackson Vinegar Co.,* 226 U. S. 217, 219, [57 L. Ed. 193, 33 Sup. Ct. Rep. 40] ; *Rosenthal* v. *New York,* 226 U. S. 260, 271, [Ann. Cas. 1914B, 71, 57 L. Ed. 212, 33 Sup. Ct. Rep. 27] ; *Darnell* v. *Indiana,* 226 U. S. 390, 398, [57 L. Ed. 267, 33 Sup. Ct. Rep. 120] ; *Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531, 544, [58 L. Ed. 713, 34 Sup. Ct. Rep. 359] ; *Missouri, Kansas & T. Ry. Co.* v. *Cade,* 233 U. S. 642, 648, [58 L. Ed. 1135, 34 Sup. Ct. Rep. 678].) "

This reasoning is decisive of the present case. If section 75a contains—we do not say it does—an unwarranted discrimination against nonresidents, the only persons entitled to attack the law on this ground are members of the class thus excluded from the benefits of the legislation. No con-

stitutional right of the employer is invaded by the action of the legislature in subjecting him to a less extensive liability than might have 'been imposed. Not being required to pass upon the constitutional question sought to be raised, we would not be justified in entering into a discussion of its merits.

Each of the awards is affirmed.

Richards, J., *pro tem.*, Wilbur, J., Melvin, J., Victor E. Shaw, J., *pro tem.*, and Angellotti, C. J., concurred.

Rehearing denied.

In denying the rehearing, the court filed the following opinion on April 17, 1918:

THE COURT.—On petition for rehearing, the petitioners contend that the award should be annulled because, as is claimed, the facts were such as to bring each of the proceedings within the exclusive admiralty jurisdiction of the federal courts. No such point was suggested in the argument on which the petitioners submitted the cases for decision. It is the settled rule of this court that points made for the first time on petition for rehearing will not be considered.

On the questions actually argued, we are satisfied with the conclusions declared in the opinion filed.

The petition for rehearing is denied.