[Civ. No. 9817. First Appellate District, Division Two.—June 25, 1935.]

JULIA B. PLATT, Appellant, v. ORBEN PHILBRICK, Respondent.

Rosendale, Scott & Thomas for Appellant.

U. S. Webb, Attorney-General, and Darwin Bryan and Ralph O. Marron, Deputies Attorney-General, for Respondent.

NOURSE, P. J.—This is an appeal from a judgment of the Superior Court of Monterey County sustaining defendant's demurrer and refusing to grant plaintiff an injunction against defendant.

Appellant is the owner and occupant of certain real property in Pacific Grove, which is within the "Monterey Peninsula Game Refuge", and she seeks to enjoin respondent, a deputy fish and game commissioner, from enforcing the provisions of the Fish and Game Code relating to this area. She contends that the provisions of the code are unconstitutional because not uniform in operation; that it takes and damages her property without due process of law and without compensation; and that it unreasonably discriminates against her. Respondent answers that appellant has no right to at-

tack the constitutionality of the code because she does not allege any act done or threatened which would injure her or her property and because the only discrimination alleged is in her favor.

Appellant also argues that, since division III, chapter 4, of the code authorizes the purchase of land by the state for fish and game refuges, the fact that the property owners in this district have not been compensated or have not given their written consent is discriminatory. But respondent argues that the provision for compensation controls only in cases where an interest is taken in the land by the state in which case the officers have the right to occupy the property to propagate, feed and protect the fish and game.

The gravamen of appellant's complaint is that the protection afforded wild game by the statute might result in such an increase thereof that her garden might be injured by the invasion of predatory birds and wild animals.

■ Section 25½ of article IV of the Constitution reads: "The legislature may provide for the division of the state into fish and game districts, and may enact such laws for the protection of fish and game therein as it may deem appropriate to the respective districts."

Acting under this authority the legislature enacted the Fish and Game Code. (Stats. 1933, p. 394.) Section 60 of that code provides that: "For the protection of fish and game, the State of California is divided into fish and game districts *to be known and designed as provided in this division.*" Section 130, which is a part of this division of the code, reads: "The following *districts* are game refuges." Section 170 defines the boundaries of the Monterey Peninsula Game Refuge.

The primary purpose of these game refuges is expressed in section 451 of the code which suspends the operation of the "open season" in all such districts thus prohibiting the hunting of wild game within the refuge throughout the year. The creation of these refuges by the legislature is clearly responsive to the constitutional authorization for the "protection of fish and game", and no criticism of the legislation can be made on the ground that the regulations do not apply uniformly to all the districts because the Constitution expressly authorizes such lack of uniformity.

■ The appellant directs her attack to section 282 which applies to the Monterey Peninsula Game Refuge alone and

which provides that "any lawful occupant of privately owned lands, or any employee of such occupant, may take, hunt, or kill *on such lands* predatory or destructive birds or mammals . . . and it shall be lawful for any such occupant, or any employee thereof, to possess firearms within the boundaries of such refuge, and to carry and transport the same . . . '' It is argued that this section discriminates in favor of the lawful occupants, of which the appellant is one, and against the nonoccupants, or aliens, from whom no complaint is heard. The argument is an apt illustration of the wisdom of the rule followed in *People* v. *Globe Grain & Mill. Co.*, 211 Cal. 121, 127 [294 Pac. 3], where the Supreme Court said: "It is well established that a charge of unconstitutional discrimination can only be raised in a case where this issue is involved in the determination of the action, and then only by the person or a member of the class of persons discriminated against. (*Estabrook Co.* v. *Industrial Acc. Com.*, 177 Cal. 767 [177 Pac. 848]; 5 Cal. Jur. 622, secs. 52, 53; 6 R. C. L. 89, secs. 87–89; 12 C. J. 768, sec. 189.)''

The purpose of this exception to the general rule of a "closed season" within these refuges is apparent. The legislature sought to meet the objection which appellant makes to the legislation as a whole—that the effect of the "closed season" would be that predatory game would be permitted to roam within the refuge at will and cause damage to the gardens and crops of private land owners. In giving permission to the lawful occupant of lands within the refuge to protect his property against such invasion the section is a reasonable exercise of the legislative authority to regulate the protection of game within the respective districts. The section does not permit such persons to hunt and kill game at will throughout the refuge as argued by appellant. The privilege is limited to the "privately owned lands" upon which each lawful occupant, or his employees, may take, hunt or kill "predatory or destructive birds or mammals".

Criticism is made of section 251 of the code which authorizes the fish and game commission to issue permits at its discretion to persons to take birds and mammals within the refuge and, for that purpose, to use and possess firearms, traps and other contrivances. The reason for the exception is to permit the taking of such game for scientific purposes,

but the appellant complains that the power given the commission is too broad and unrestricted, citing the accepted rule that a statute which authorizes an administrative officer to grant or withhold a permit or license to engage in a lawful business must provide a reasonable guide and limitation upon the exercise of the power conferred. The point would require some consideration if raised in a proper case. Here there is no allegation that the commission has issued such permits or that it has threatened to issue or to refuse any. As the basis of appellant's complaint is the possible injury to her property from the "protected" game, it is reasonable to assume that she would derive more benefit than injury from the issuance of such permits.

█ The complaint that the statute as a whole is unconstitutional because it might permit an injury to appellant's property without compensation is without any foundation. All private property within the state is held subject to the general police powers. (*Gray* v. *Reclamation Dist. No. 1500,* 174 Cal. 622, 636 [163 Pac. 1024].) It is conceivable that private property in every fish and game district in the state might suffer some damage through the restrictions of the Fish and Game Code generally, but this is a damage which the property owner must bear in the interest of the public welfare.

█ There is less foundation for the complaint that the statute is discriminatory because it authorizes the commission to purchase private lands to be used in the propagation of fish and game and authorizes the "taking" of appellant's land without compensation. If this argument were sound then the state would have to acquire all private property within the state before it could acquire any property for governmental purposes on the theory that there is a discrimination between the owner of the property taken and the owner of the property not taken.

Running through the briefs of appellant is the clear intimation that the appellant is not in accord with the views of the legislature in setting aside this particular territory as a game refuge. Frequently arguments are made that the statute is unconstitutional for one reason or another when the real complaint is that it showed poor judgment on the part of the legislature. The wisdom of the legislation is not before

us. The power of the legislature to enact the statute cannot be controverted. If, through its operation, any of appellant's constitutional rights are invaded, it will be time then to seek relief in the courts.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.