LAWRENCE HANFGARN, Plaintiff, *v.* GEORGE MARK, Defendant.*

Supreme Court, Queens County, February 28, 1936.

---

* Affd., 248 App. Div. 325. See *contra*, *Vanderbilt* v. *Hegeman* (157 Misc. 908); *Fearon* v. *Treanor* (248 App. Div. 225).

*Edwin G. Jenkins*, for the plaintiff.

*Jesse C. Rogers*, for the defendant.

FABER, J. Motion to dismiss the complaint on the ground that it appears on the face thereof that the court has no jurisdiction of the subject of the action. The action is brought by a husband for the alienation of his wife's affections and for criminal conversation. The motion raises the question of the constitutionality of the recent enactment (Laws of 1935, chap. 263) of article 2-A of the Civil Practice Act (§§ 61-a to 61-i), which, it is stated generally, is in the nature of a legislative experiment to abolish such rights of action because of possible evils in practice. No authority directly in point is cited. Several articles in law periodicals have dealt with this legislation and types of it in other States (Ohio Law Repr. April, 1935, commented on and reprinted in N. Y. L. J. April 4–6, pp. 1710, 1732, 1756, 1935; 33 Michigan Law Review, 979; 69 U. S. Law Review, 474; 30 Illinois Law Review, 764), the trend of all being against the constitutionality thereof under the New York State Constitution (Art. 1, § 6, and the Fourteenth Amendment to the U. S. Const.). The reasoning followed is that since the rights of action at which the legislation is directed (so far, at least, as presented in the present action) are of common-law origin (*Winsmore* v. *Greenbank*, Willes Rep. 577; *Oppenheim* v. *Kridel*, 236 N. Y. 156, at p. 162), such rights of action, like the rights of action for libel, slander, assault and battery, negligence, or for recovery of debt, are beyond the power of the Legislature to abolish utterly without supplying some reasonably adequate and efficient substitute. In that view is the opinion of Mr. Justice MILLER, writing for the Appellate Division in this Department, in *MacMullen* v. *City of Middletown* (112 App. Div. 81), and the reversal in the Court of Appeals (187 N. Y. 37) on other grounds did not impair the force and validity of the opinion below, as more clearly, perhaps, appears in the affirmance by the Court of Appeals (183 N. Y. 550) of *Williams* v. *Village of Port Chester* (72 App. Div. 505; 97 id. 84), in which Mr. Justice WOODWARD wrote for the Appellate Division in this Department. In like logic is the opinion of Mr. Justice CRANE, now chief judge of the Court of Appeals, in *Herkey* v. *Agar Mfg. Co.* (90 Misc. 457). I am of the opinion that such a law (Laws of 1935, chap. 263), so far as applicable to this action, is unconstitutional, and the motion to dismiss is, therefore, denied.