[Civ. No. 14824. Second Dist., Div. Three. July 13, 1945.]

H. D. NESLEN, Appellant, v. THE BOARD OF HEALTH OF THE STATE OF CALIFORNIA et al., Respondents.

Wm. J. Clark and Lorrin Andrews for Appellant.

Lester L. Lev, in pro. per., Robert W. Kenny, Attorney General, Bayard Rhone, Deputy Attorney General, Ray L. Chesebro, City Attorney (Los Angeles), Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondents.

SHINN, J.—Plaintiff is in the business of manufacturing and selling a medicinal preparation known as Miacene tablets. He brought this action to enjoin the State Department of Public Health, the City Attorney of Los Angeles, and others from prosecuting him for advertising his product for sale. He appeals from a judgment for defendants after demurrer sustained without leave to amend.

The complaint alleged that the defendants are about to prosecute plaintiff for violation of section 26271 of the Health and Safety Code, which forbids the advertising of any drug or device as having an effect upon any of some 48 specified diseases, and that such prosecutions would destroy his established business and render it impossible for him to earn a livelihood. Plaintiff challenges the constitutionality of the section, which reads as follows: "The advertisement of a drug or device shall be deemed to be false if the drug or device is represented to have any effect in albuminuria, appendicitis, arteriosclerosis, blood poison, bone disease, Bright's disease, cancer, carbuncles, cholecystitis, diabetes, cataracts, diptheria, dropsy, erysipelas, gallstones, heart and vascular diseases, high blood pressure, mastoiditis, measles, meningitis, dental caries, mumps, nephritis, otitis media, paralysis, pneumonia, poliomyelitis (infantile paralysis), prostate gland disorders, pyelitis, alcoholism, erosion, periodontal diseases, epilepsy, goiter, scarlet fever, sexual impotence, sinus infection, smallpox, encephalitis, tumors, typhoid, uremia, venereal disease, whooping cough, tuberculosis, ulcers of the stomach and varicose ulcers."

While the section does not in terms make it unlawful to advertise drugs and devices as effective in the named diseases, this result is accomplished by the provision that such advertising shall be deemed to be false. Plaintiff contends that in a prosecution for untrue or misleading advertising, which is made an offense by section 17500 of the Business and Professions Code, proof of the advertising of a drug or device in the manner specified in section 26271, *supra,* would be sufficient, under the latter section, to establish the commission of an offense, without proof that the advertising was untrue or misleading in fact. He fears that he is about to be prosecuted for advertising that his product has an effect upon one or more of the diseases specified in section 26271, and that under this section his statements will be conclusively presumed

to be false, even though they are true, in fact. His contention is, in brief, that his constitutional rights will be violated, in that he may be convicted of an offense even though his published statements are true in fact, while others who advertise remedies as effective in diseases other than those specified in section 26271 are not subject to prosecution unless their statements are untrue or misleading in fact.

The first question for decision is whether plaintiff has alleged facts which entitle him to complain of the alleged discrimination, that is to say, whether it appears from the complaint that he is about to be prosecuted for advertising his product truthfully, and is thus hurt by the discriminatory feature of the law.

It is well established that one may complain of a statute only insofar as it is injurious to him. It was stated, with citation of many authorities, in *A. F. Estabrook Co.* v. *Industrial Acc. Com.* (1918), 177 Cal. 767, at 769 [177 P. 848]: "Generally speaking, the courts will not consider the constitutionality of a statute attacked by one whose rights are not affected by the operation of the statute. . . . More specifically, a contention that a statute denies equal rights and privileges by discriminating between persons and classes of persons 'may not be raised by one not belonging to the class alleged to be discriminated against.' " (See, also, cases collected in 5 Cal. Jur. 622 et seq. and 10-Yr. Supp.)

The complaint does not allege that plaintiff's advertising has been truthful, nor what facts he proposes to advertise respecting his product, nor whether his advertising will be truthful, nor does he allege that he is about to be prosecuted for advertising the product truthfully. The pleading appears to have been drawn with much care in order to avoid placing in issue the merits of plaintiff's alleged remedy, and the truthfulness of his advertising. It alleges that plaintiff has been advertising the product "as a normalizer which can be safely used continuously, from childhood to old age with gratifying results, being of the same materials of which the human body is made, and the excessive use of which will not harm anyone, but may keep one healthy or may be used to regain health, and to protect the human body from certain diseases, some of which diseases are set forth in Article IV, Section 26271 of the California Pure Drugs Act, an act of the California Legislature, effective January 1, 1940, which is now in full force and effect; and that plaintiff is selling and disposing of said tablets and

advertising the same as of benefit to the human body as he has ascertained from clients and exhaustive examination and research concerning the effects and results of the use of said tablets.''

It appears from the complaint that the State Board of Health submitted to plaintiff for his signature a declaration that he would forthwith cease and desist from advertising Miacene tablets by making statements, among which are the following: that ''. . . they seem to clean the bloodstream so that anemic people come back to feeling fine . . . they supply the necessary minerals so that constitpation is eliminated . . . heavy people become normal in weight—thin people gain their normal weight . . . tumors have been dissolved . . . arthritis corrected . . . it has cured (or will have an effect in) cancer . . .'' that '' . . . 99 per cent of the American people are deficient in the minerals represented in Miacene tablets, so 99 per cent of all Americans should use them . . . your good looks and disposition are dependent on them . . . with Miacene minerals you will find that your appetite changes to other foods that you most need and then you will be on a balanced diet . . .'' that ''. . . 'Modern Medical Men' is a government publication . . . that the demineralized foods form a factor in the development of cancer . . . children using these tablets were found to be healthier, better behaved, more energetic, learned better, and were ahead of others starting with the same mentality . . .'' that ''. . . Miacene Tablets have been present in 'Nature's Laboratories' for thousands of years . . . each tablet contains an amount in excess of what is actually present''; and ''that the product will have an effect in such ailments as stomach, liver, kidney, heart, gastric, ulcers, glands, bladder, ovarian tumor, pain, loss of weight, cases of albumin, neuritis, irregularity of the functioning of the thyroid gland, nerve energy, nervous spells and energy, or any other diseases of a similar nature.'' It further appears that plaintiff offered to delete from his advertising certain of the statements objected to by the State Department of Health, but that he refused to desist from advertising that his product would have an effect in diseases of the stomach, liver, heart, gastric, ulcers, glands, ovarian tumors, pain, loss of weight, cases of albumin, irregularity of the functioning of the thyroid gland, nerve energy, nervous spells and energy or other diseases of a similar nature.

It is quite clear that the facts alleged are not sufficient to

entitle plaintiff to an injunction. It is true that section 26271 bars truthful advertising of drugs and devices as having effect upon the enumerated diseases and that untrue or misleading advertising only is prohibited in all other cases, but before plaintiff can complain of unjust and unfair discrimination in the operation of the law, he must allege and prove that his product has a beneficial effect in one or more of said diseases and that he is about to be prosecuted for advertising that fact. If an injunction should be granted upon the facts alleged in the complaint, it would have the effect of protecting plaintiff from prosecution for advertising that his drug has a beneficial effect in such cases, even though his statements were false. In this respect the complaint was insufficient to state a cause of action.

There is another section of the Health and Safety Code which plaintiff does not mention. Section 26273 reads as follows: "Whenever the board determines that an advance in medical science has made any type of self-medication safe as to any of the diseases named in this article, the board shall by regulation authorize the advertisement of drugs having curative or therapeutic effect for such disease, subject to such conditions and restrictions as the board may deem necessary in the interests of public health." It appears from this section that a drug having curative or therapeutic effects upon the diseases enumerated in section 26271 may be advertised under conditions and restrictions imposed by the board if the board determines that it constitutes an advance in medical science and may be safely used in self-medication. Plaintiff is not necessarily barred altogether from advertising his drug as an effective remedy or preventive in the named diseases. If he has achieved an advance in medical science within the meaning of section 26273, and we would judge that he thinks he has, he should make application to the board for permission to advertise the truth about it. It could well be understood from his advertisements that he claims to have made a new and revolutionary discovery in medical science but he does not allege that he has accomplished any thing of the sort. Nor does he allege that he has ever made application to the board and been refused permission to advertise the truth concerning his product. The board has sought to obtain his consent to discontinue certain statements as to the merits of Miacene tablets, but it is not to be inferred from this fact that plaintiff has sought to take advantage of the privileges offered

by section 26273. If he should do so he would have to prove that his drug has a curative or therapeutic effect upon one or more of the enumerated diseases. It is to be presumed that the board would allow him to advertise what it determined to be the facts with reference to such curative or therapeutic effects. But if from the vague allegations of the complaint it might be inferred that the board has determined that plaintiff's tablets possess no curative or therapeutic value in the named diseases, there is not in the complaint a semblance of an allegation that the determination was not based upon sufficient evidence or was without foundation in fact.

We are not deciding that plaintiff could not under any circumstances attack the constitutionality of section 26271 until he had applied to the board for, and been refused, permission to advertise that his tablets have a curative or therapeutic effect in one or more of the mentioned diseases. We are only pointing out that in order to escape from the severe provisions of section 26271, through action of the board or judgment of the court, plaintiff must inevitably place in issue and prove the truth of his representations to the public. In other words, plaintiff's entire case, as presented by his complaint, is out of balance; he does not allege facts showing that he has a right to do that which he seeks protection in doing. The facts he alleges would not at all justify the relief which he demands. He will not have a meritorious complaint of interference with his business until his representations to the court and those to the public concerning the merits of his tablets are equally bold or equally modest.

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.