[Civ. No. 14965.   First Dist., Div. One.   Apr. 7, 1952.]

E. S. MORRIS, Appellant, v. MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Andrew J. Eyman for Appellant.

Edmund G. Brown, Attorney General, B. Abbott Goldberg, Deputy Attorney General, Thomas C. Lynch, District Attorney, and Janet Aitken, Assistant District Attorney, for Respondent.

WOOD (Fred B.), J.—E. S. Morris has appealed from a judgment of the superior court which denied his petition for a peremptory writ to prohibit the municipal court from further proceeding in an action against him upon a complaint filed February 20, 1950. The complaint charged three violations of section 26286 of the Health and Safety Code, the dissemination of false advertisements of drugs.

The judgment was entered upon the sustaining of a general demurrer to the petition. The petition states that appellant duly objected to the jurisdiction of the municipal court upon the ground, asserted by him, that the statute is unconstitutional, and that the municipal court has threatened to and will proceed with the trial of the cause. The petition is silent on the question whether or not the representations made in the advertisements were true or false in fact.

Appellant contends: (1) section 26286 prohibits, but does not define, the dissemination of a false advertisement of

a drug; (2) section 26271 of the Health and Safety Code declares false the advertisement of any drug if represented to have an effect in certain enumerated diseases or ailments, irrespective of the truth or falsity in fact of the representation, thus creating (contrary to the due process clauses of the state Constitution and the Fourteenth Amendment to the Constitution of the United States) a purely arbitrary presumption which the accused is not permitted to dispel; (3) the complaint charges violations of section 26271 because it alleges that appellant advertised that certain drugs had an effect in ulcers of the stomach, goiter, and dental caries, diseases or ailments enumerated in section 26271; (4) therefore, because of the asserted unconstitutionality of section 26271, the complaint does not charge a public offense.

The vice of this argument inheres in the fact that it ignores section 26270 of the Health and Safety Code (in the same article as section 26271), which declares that an advertisement of a drug is deemed ''false if it is false or misleading in any material particular.'' The first count of the complaint presents issues of fact under section 26270, none under section 26271. It does not charge that appellant represented a drug as having an effect in any of the diseases or ailments enumerated in section 26271. Manifestly, the petition does not challenge or put in issue the jurisdiction of the municipal court to proceed under the first count. This alone is sufficient to require denial of the petition.

Moreover, neither the second nor the third count necessarily depends upon the constitutionality of section 26271. The second count alleges that appellant committed the ''crime of misdemeanor to wit: Violating section 26286 of the Health and Safety Code . . ., in that the said defendants [appellant and another] did . . . disseminate a false advertisement of a drug, in that in an advertisement . . . he represented that a certain drug . . . had an effect in ulcers of the stomach.'' This count presents issues under section 26270 as well as 26271. The only difference is that under section 26270 the state must prove the representation was in fact ''false or misleading'' in a ''material particular.'' It is clear that the municipal court has jurisdiction to proceed under this count, when viewed as charging false advertising as defined in section 26270.

The third count is a replica of the second count save only as to the date of the offense, the name of the drug, and the representation that the drug had ''an effect in goiter and

dental caries." It likewise presents issues under section 26270 as well as under 26271, demonstrating that the municipal court has jurisdiction to proceed with the trial on this count, irrespective of the constitutionality of section 26271.

From the fact that we find it unnecessary to determine the constitutionality of section 26271, no inference is to be drawn that we doubt its constitutionality. ■ It does not operate as an absolute and arbitrary prohibition of the advertising which it defines. As a part of the California Pure Drugs Act (Health & Saf. Code, §§ 26200-26385) it must be read with other provisions of that Act, particularly those which appear in the article on "Advertising" (§§ 26270-26275). As thus read, it operates as a prohibition against advertising, to the laity, of drugs not found safe for self-medication. Section 26272 permits dissemination to members of the medical, dental, pharmaceutical and veterinary professions, also in the scientific journals of those professions, and by persons not commercially interested in the sale of the drugs, for the purpose of public health education. Section 26273 directs the state board of public health to authorize the advertisement of a drug having curative or therapeutic effect for any disease mentioned in section 26271 whenever it determines that "an advance in medical science" has made any type of "self-medication safe as to any of the diseases" named in the article of which section 26271 is a part.* (See *People* v. *Ryan,* 101 Cal.App.2d Supp. 927 [226 P.2d 376].)

■ We note that the petition is silent on the question whether or not any of the drugs mentioned in the complaint had been brought to the attention of the state board of public health for consideration and determination under and in accordance with the provisions of section 26273. Petitioner by failing to allege an attempt to avail himself of that administrative remedy and by failing to allege that the drugs have a beneficial effect as advertised, does not show that the questioned statute is injurious to him, has failed to plead a right to put the constitutionality of the statute in issue. (See *Neslen* v. *Board of Health,* 70 Cal.App.2d 202 [160 P.2d 862].)

The judgment appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

---

*We refer to the sections cited as they read in 1949. The complaint charges that appellant disseminated the advertisements in question on March 23, August 29, and November 27, 1949, respectively.