Samuel COREY, d/b/a Tokyo House Massage Parlor, Plaintiff-Appellee,

v.

CITY OF DALLAS et al., Defendants-Appellants.

No. 73-1227.

United States Court of Appeals, Fifth Circuit.

April 10, 1974.

N. Alex Bickley, City Atty., City of Dallas, Lois Bacon, Asst. City Atty., Kenneth C. Dippel, Dallas, Tex., for defendants-appellants.

Jack Hill, Dallas, Tex., Gerald M. Birnberg, Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellee Samuel Corey brought this declaratory and injunctive action challenging the constitutionality of Section 25A-15 of the City Code of Dallas, Texas, which makes it unlawful for any person to administer a massage to any person of the opposite sex.[1] The district

1. Section 25A-15 reads as follows:
   It shall be unlawful for any person to administer a massage as defined in section 25A-1 to any person of the opposite sex; provided, however, that this section shall not apply to any physician or chiropractor, nor shall it apply to any registered physical therapist or registered nurse operating under the direction of a physician.

court upheld Corey's standing to attack the ordinance and invalidated it on the basis of the Equal Protection Clause. We reverse on the ground that Corey has no standing.

Corey owns and operates the Tokyo House Massage Parlors in San Antonio, Texas, in which female masseuses administer massages to male customers. He wishes to expand his business by opening a similar establishment in Dallas. To do so he would first need to obtain a massage parlor permit from the city. Prior to applying for such a permit, Corey would have to obtain a certificate of occupancy from the city building inspector sanctioning the use of the building for the specific purpose. This would require a substantial prior expenditure on Corey's part in order to secure suitable premises. Having been informed that the permit would be denied on the basis of Section 25A–15, Corey chose not to pursue the expensive and apparently futile normal course of application but instead brought this action for declaratory and injunctive relief.

The district court found that the ordinance violates the equal protection rights of Corey's prospective masseuses, since it restricts their opportunity to practice their chosen profession on the basis of sex classification, and it is not justified by any compelling state interest. The court found that Corey had standing to raise the rights of these third parties since the ordinance directly affected his own right to operate his business, thus imposing on him an injury that is not too indirect or remote to support his own standing.

The usual rule in constitutional litigation is that one may not assert the rights of third parties. United States v. Raines, 1960, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524; Tileston v. Ullman, 1943, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603; Jeffrey Manufacturing Co. v. Blagg, 1915, 235 U.S. 571, 35 S.Ct. 167, 59 L. Ed. 364. There is a narrowly drawn exception to this rule which permits a litigant to raise the rights of third parties if it would be difficult or impossible for them to raise those rights themselves.

Eisenstadt v. Baird, 1972, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349; NAACP v. Button, 1963, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405; NAACP v. Alabama, 1958, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488; Barrows v. Jackson, 1953, 346 U.S. 249, 73 S.Ct. 1031, 97 L. Ed. 1586; Pierce v. Society of Sisters, 1925, 268 U.S. 510, 45 S.Ct. 571, 69 L. Ed. 1070. Although the district court held that this case falls within the exception, we disagree. The ordinance as written applies directly to the masseuses whose rights are allegedly infringed, unlike the statute in *Eisenstadt* or the restrictive covenant in *Barrows*. If any masseuses are ever prosecuted under the ordinance, they are free to defend by asserting their own equal protection rights. There is therefore no compelling need to permit Corey to assert their rights at this stage.

It is true that Corey is adversely affected in fact by the ordinance, since it prevents issuance of his massage parlor license. Also his interest in operating his massage parlor is obviously within the zone of interests to be regulated by the ordinance in question. Therefore, he has standing to attack the ordinance as violative of his own rights. Association of Data Processing Service Organizations, Inc. v. Camp, 1970, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184. Nevertheless, he is still precluded from raising the rights of third parties in the absence of a strong reason to depart from the usual rule. This is made very clear by McGowan v. Maryland, 1961, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393, which held that retail store employees had standing to challenge a Sunday closing law on the basis of the Establishment Clause but no standing under the Free Exercise Clause, since they did not allege that their own free exercise rights were violated and there was no indication that it would have been difficult or impossible for the third parties whose free exercise rights were at stake to have challenged the law. Therefore, despite Corey's standing to attack this ordinance on the basis of his own rights, he does not have standing to

raise the equal protection rights of his prospective masseuses.

Because of our holding on the standing issue, we do not reach the merits.

Reversed.

CLARK, Circuit Judge (concurring):

I respectfully disagree with the majority that this case should be reversed for lack of standing. I submit the tests were met. It will be difficult if not impossible, for massagists seeking to administer massages to members of the opposite sex to assert that this ordinance infringes upon their constitutional rights unless Corey, or some other present or prospective parlor operator affords them an opportunity to commit the proscribed conduct. Certainly, Corey's position is sufficiently antagonistic to that of the city to present the dispute in an adversary context capable of judicial resolution. *See* Part III, State of Florida v. Weinberger, 492 F.2d 488 (5th Cir. 1974), decided this day.

While I would grant standing, I would uphold the validity of the ordinance, and reverse on the merits.